**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff(s),        CASE NUMBER: 09-20224
                                              HONORABLE VICTORIA A. ROBERTS

v.

**D-11 KATRINA LYONS,**

               Defendant.
_____/

**ORDER DENYING GOVERNMENT'S**
**MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

This matter is before the Court on the Government's Motion for Reconsideration. The Government asks the Court to reconsider its Order rejecting the Report and Recommendation of the Magistrate Judge regarding the stop and search of Katrina Lyons' vehicle.

Defendant Katrina Lyons filed a Motion to Suppress on November 17, 2009. On November 18, 2009, the Court referred Defendant's Motion to Suppress to Magistrate Judge Virginia A. Morgan for a Report and Recommendation (R&R). The Magistrate Judge held an evidentiary hearing on January 11 & 12, 2010. On February 22, 2010, the Magistrate Judge filed an R&R recommending that the Court deny Lyons' Motion to Suppress.

Lyons filed objections on March 4, 2010 and a Supplemental Brief on July 23, 2010. The Government did not respond. On August 31, 2010, the Court issued an Order declining to adopt the Magistrate Judge's R&R and granting Lyons' Motion to Suppress. On September 9, 2010, the Government filed its Motion for Reconsideration. The Court **DENIES** the Motion.

## II. STANDARD OF REVIEW

A Court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *see Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III. APPLICABLE LAW AND ANALYSIS

To justify a traffic stop under the Supreme Court's ruling in *Terry v. Ohio,* 392 U.S. 1, 21-22 (1968), the stop must be based on reasonable suspicion supported by specific and articulable facts that would "warrant a man of reasonable caution in the belief that the action taken was appropriate." Reasonable suspicion "requires more than a mere hunch, but is satisfied by a likelihood of criminal activity less than probable cause, and falls considerably short of satisfying a preponderance of the evidence standard." *Smoak v. Hall,* 460 F.3d 768, 778 (6th Cir. 2006). "Courts must examine the 'totality of the circumstances' to determine whether reasonable suspicion existed to justify a *Terry* stop." *Id.* at 779.

When two agencies are in communication with one another, one agency may rely on the other's determination of reasonable suspicion or probable cause in effectuating a stop. *United States v. Woods,* 544 F.2d 242, 260 (6th Cir. 1976) ("[W]hen a group of agents in close

communication with one another determines that it is proper to arrest an individual, the knowledge of the group that made the decision may be considered in determining probable cause, not just the knowledge of the individual officer who physically effected the arrest."). Thus, where an officer relies on the facts known to a second officer as justification for effectuating a stop, the second officer's basis for believing he has reasonable suspicion must actually meet that standard for the stop to be justified. The Government bases its request for reconsideration on its contention that the Court held "a stop can be upheld only if the legal theory subjectively relied upon by officers at the time of the stop is valid." (Doc. 232, at 3). This was not the Court's holding.

Before concluding that the traffic stop by Troopers Grubbs and Wise was not based on probable cause, the Court rejected the notion that the information known to the DEA could provide justification for the stop of Lyons. The Court rejected all bases proffered as legitimate reasons for the stop of Lyons.

Agent Graber believed he had probable cause to effectuate a traffic stop on the minivan because: (1) the cars stopped in June 2007, April 2008, and July 3, 2008 contained controlled substances linked to the alleged distribution conspiracy and had out-of-state license plates; (2) the minivan driven by Lyons had out-of-state plates; (3) the information the DEA gained via a wiretap indicated Williams, who was allegedly involved with the suspected distribution conspiracy, was waiting on a female in a gray car with an out-of-state license plate; (4) Lyons and Williams parked in a manner that made Agent Graber unable to see them; and (5) Agent Graber believed that Lyons and Williams loaded controlled substances into Lyons' car, although he did not see either of them with a package.

3

However, none of the previous cars stopped was related to Lyons, none had plates from the same state as Lyons' minivan, and the cars stopped were only tangentially related to Williams through the investigation of the alleged distribution conspiracy. Agent Graber never observed any cars with out-of-state plates at the Stratford location before, and he didn't believe the location contained controlled substances. In sum, Agent Graber had no evidence that Lyons was at the location to receive controlled substances.

Additionally, the fact that both cars were parked in such a way that they were difficult to see from the street, is not itself indicative of criminal activity.

The fact that Graber knew Williams was waiting on Lyons to arrive also does not indicate that Lyons had controlled substances in her car or was part of an illegal conspiracy. Agent Graber had no indication that anything was loaded into Lyons' car, and no evidence that Lyons had controlled substances in her car otherwise. Considering all the circumstances known to Agent Graber, this Court finds that Agent Graber did not have a reasonable suspicion based on specific and articulable facts.

It appears to the Court that Agent Graber's belief that he possessed probable cause was based primarily on the fact that Lyons was at a location where criminal activity allegedly took place, and she was associating with a person whom Agent Graber believed was involved in a controlled substances distribution conspiracy. However, it is also clear that Agent Graber had no reason to believe that anyone had received controlled substances from that location before; indeed, he did not even believe they were stored there. "That a given locale is well known for criminal activity will not by itself justify a *Terry* stop, although it may be taken into account with other factors." *United States v. Blair,* 524 F.3d 740, 750 (6th Cir. 2007). When the other factors

that formed the basis of Agent Graber's belief that he had probable cause are taken into account, the Court finds that his suspicions do not amount to probable cause, and do not even rise to the level of a reasonable suspicion based on specific articulable facts. So, contrary to what the Government says in its motion, the Court did reject the Magistrate Judge's finding that the facts and circumstances known to the DEA established both probable cause and reasonable suspicion to stop the Defendant's minivan and search for drugs.

The Government is correct in its contention that the actual motivations of law enforcement do not invalidate a stop that is based on probable cause. *See United States v. Hughes,* 606 F.3d 311, 315-16 (6th Cir. 2010). However, the Court finds this stop was not valid based on any justification given by the Government.

The Court **DENIES** the Government's motion for reconsideration.

**IT IS ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: September 27, 2010**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 27, 2010.**

**s/Carol A. Pinegar**
**Deputy Clerk**